**LOTT v. BLOCK et al.**

No. 9965.

United States Court of Appeals
Seventh Circuit.

Feb. 7, 1950.

Rehearing Denied March 7, 1950.

G. A. Buresh, Martin Ward, Chicago, Ill., for appellant.

John R. Montgomery, Jr., Charles O. Parker, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

This is an appeal by the defendants from a decree of the District Court, which vacated and declared null and void a quit-claim deed of the plaintiff conveying certain real estate in Chicago, Illinois, to the defendant, Oscar Block, and also vacating an assignment to said Oscar Block by the plaintiff of all his interest in the personal property of the estate of Olga Block, deceased.

Federal jurisdiction arises from diversity of citizenship. Plaintiff is a citizen and resident of the State of Missouri. The defendant, Julius Block, who was sued individually and as administrator of the estate of Olga Block, deceased, and the defendant Oscar Block, who is the son of Julius Block, are citizens and residents of the State of Illinois. The other defendant, Rudolph Block, is a brother of Julius and an uncle of Oscar; and is a citizen and resident of the State of Wisconsin. The required jurisdictional amount is involved.

The complaint charges that the quit-claim deed executed by the plaintiff and conveying the Chicago real estate, as well as the assignment of personalty in the estate of Olga Block, were procured by fraud and misrepresentation, and prays that both be cancelled and declared null and void. Tender is made in the complaint of the amount alleged to have been paid as consideration for the execution of both instruments.

Defendants here seek reversal of the decree. The various matters urged as ground for such reversal may be fairly summarized and included in the proposition that the evidence in the record is not sufficient, under the facts and circumstances of the case, to justify the decree entered by the District Court. Consequently it becomes necessary to examine the record and the evidence therein.

It appears that the plaintiff, John Luther Lott, on or about April 13, 1920, was married to Olga Block in Milwaukee, Wisconsin. They lived together for only about six weeks; she then left him and he never again saw her. Some time later he testified

that he paid to a man, whom he believed to be a lawyer, the sum of $25, and in return, the supposed lawyer promised that he would secure for him an annulment of his marriage to Olga Block. A few days later he was told by the alleged lawyer that such an annulment had been procured and that he was now a free man. According to the story, he never signed any papers of any kind, he had never appeared in court, had never received notice or summons in connection with the supposed annulment, but he did believe until the month of April, 1948, that his marriage to Olga Block had been dissolved.

On July 28, 1921, the plaintiff believing that he was a free man went through a marriage ceremony with Mary Maude Helwig, in Hannibal, Missouri. They continued to reside together, having had several children, until 1948 when the plaintiff learned that his marriage to Olga Block had not been annuled, and that said Olga Block had died in Chicago in 1947. He remarried the said Mary Maude Helwig on May 4, 1948.

Olga Block on June 18, 1947, was a resident of the city of Chicago and she died in that city on that date without leaving a last will and testament. In a petition for letters of administration in connection with her estate, filed in the Probate Court of Cook County, Illinois, the defendant, Julius Block, stated under oath that Olga Block left surviving as her only heirs at law and next of kin the defendants Julius Block and Rudolph Block, her brothers. Letters of administration were accordingly issued on July 7, 1947 to Julius Block in the estate of Olga Block. Among the assets of that estate were included two parcels of real estate in Chicago, one commonly known and described at 1323 North LaSalle Street, and the other as 1452 North Wells Street. These parcels of real estate are admitted to have been worth about $10,000. There was also in the estate of Olga Block personalty which had a gross value of about $17,000.

On December 6, 1947, Arthur A. Maina, an Illinois attorney, who represented Julius Block, administrator of the estate of Olga Block, and Howard A. Heldt, another attorney from Chicago, who represented the other defendants, on behalf of such defendants and at their direction, visited the plaintiff, John Luther Lott at the home of his stepson, in Hannibal, Missouri. They arrived there about eleven-thirty in the evening and they told the plaintiff that Olga Block had died. They claimed they had some papers they wanted signed, that the decedent had "five or six husbands and they wanted to get all her husbands off the papers." Plaintiff told them that his marriage to Olga Block had been annuled and that he was not her husband. The attorneys did not advise plaintiff of the value or extent of the estate. Maina admitted that neither he nor his associate mentioned the fact that there was any personal property whatever in the estate. As to the real estate there is a conflict between the witnesses. The plaintiff contends that Heldt said the real estate was not worth much, and Heldt in his testimony confirmed plaintiff's version of the conversation. On the other hand, the witness Maina says that the value of the real estate was not discussed. These attorneys told the plaintiff at that time that while they expected to settle with the "other husbands of Olga" for $5.00 each, they would give him the sum of $100. After discussing the matter they went to the home of a notary public in Hannibal, Missouri, where plaintiff executed the quit-claim deed and the assignment in question. After some discussion as to the amount he should receive, the plaintiff was given by the attorneys Maina and Heldt the sum of $440 in cash. The $400 was in four bundles, each of which contained one hundred one dollar bills, and in addition there were four ten dollar bills. Both the quit-claim deed and the assignment were made to the defendant, Oscar Block who, as we have pointed out, was the son of Julius Block and a nephew of Rudolph Block.

At the time the money was paid the plaintiff executed, in addition to the quit-claim deed and the assignment of personalty in question, a receipt for $440, which was expressed to be "in full payment of my entire interest in the estate of Olga Block, de-

ceased, said assets being both real and personal property, and in payment for the executing of the papers in connection therewith for the purpose of carrying out the intent expressed in said papers. It is hereby stated that no representations of any kind have been made by Oscar or his agent or the undersigned and that these papers have been voluntarily signed by me." At the same time plaintiff executed an undated appearance in the Probate Court of Cook County, Illinois, approving all orders "heretofore entered and all matters and things that have heretofore transpired in this estate." He likewise executed an undated appearance and consent to the closing of the estate, acknowledging that his interest had been paid in full, and that the final account should be approved and the administrator discharged and the estate closed. These documents had all been prepared in advance and were taken to Hannibal by attorneys Maina and Heldt.

The pleadings of the defendant admit that Julius Block, either in person or by his attorney, represented to the Probate Court of Cook County that plaintiff had been divorced from Olga Block, and induced said court to enter an order excusing the filing of a certified copy of the decree of divorce. This was done in spite of the fact that a diligent search, which they claimed to have made of the court records in Milwaukee, Wisconsin, failed to show a decree dissolving the marriage of Olga Block and plaintiff, or an annulment of such marriage.

On April 20, 1948, Julius Block, as administrator of the estate, filed his final account in the Probate Court of Cook County. The account showed the total receipts and disbursements and balance for distribution among the three defendants, and contained the following statement: "DISTRIBUTION. Whatever interest John Lott, former husband of Olga Block, deceased, had in this estate has been assigned as shown of record in this estate to Oscar Block, leaving Julius Block, Rudolph Block and Oscar Block the only persons entitled to distribution in this estate. The said Julius Block, Rudolph Block and Oscar Block, assignee, have made complete and final distribution among themselves and their receipts are filed herein."

In connection with the final account there were also filed in the Probate Court of Cook County, the receipts of Julius Block, Rudolph Block and Oscar Block for their distributive shares in the estate of Olga Block. The receipt of Oscar Block reads as follows: "I, Oscar Block, assignee of John Lott, one of the heirs of Olga Block, deceased, do hereby acknowledge receipt of my full distributive share in the above entitled estate."

Subsequently, the Probate Court of Cook County, Illinois, entered an amended proof of heirship, its order finding that the plaintiff, John Luther Lott, was married to Olga Block, deceased, prior to her death and that said marriage had not been dissolved. The order vacated the prior order of heirship and found that at the time of her death Olga Block left surviving as her only heirs at law and next of kin, John Luther Lott, her husband, and Julius Block, her brother, and Rudolph Block, her brother.

The District Court entered its decree in favor of the plaintiff on April 28, 1949. The quit-claim deed and the assignment were set aside, and the clerk was directed to receipt for and to hold the sum of $440 paid into court by plaintiff and to pay said sum to the defendants on demand.

The defendants individually admit in their pleadings that they directed their attorneys to go to Hannibal, Missouri to "get in touch with plaintiff." Mr. Maina, attorney for the administrator, and Mr. Heldt both visited Hannibal, as we have heretofore set out, and talked to the plaintiff, Lott. Both they and their clients failed utterly to explain why, if they believed Lott and Olga Block had been divorced, they asked him to sign the quit-claim deed and assignment of personal property and the other papers which he executed on December 6, 1947.

■ As a matter of fact, although it is intimated that a search had been made for a decree dissolving the matrimonial relationship between plaintiff and Olga Block and no such decree had been found, the Probate Court of Cook County was induced to enter

an order excusing the filing of a certified copy of a divorce decree. In addition the defendants, Julius, Rudolph and Oscar Block, sent their attorneys to Hannibal, Missouri, with prepared papers and with bundles of one dollar bills, and these attorneys told plaintiff that his interest in the estate of Olga Block, if any, was very small or of little value, and that the papers they presented to him were needed in connection with the closing of the estate, and that Olga Block had "several husbands" to whom they intended to pay only $5.00 each, all these facts seem to indicate that there was a well-planned scheme on the part of the defendants to deprive the plaintiff of his interest in the real and personal property of Olga Block, and to defraud him of large sums of money.

The District Court saw the witnesses and heard them testify. The finding of facts and the conclusions of law made by the trial court have substantial basis in the record before us. A reading of that record leaves no doubt in our minds that the plaintiff was overreached by the defendants and their agents. They not only held back information in their possession that plaintiff should have had, but they failed to make a full admission of the true facts concerning the estate. The administrator as a fiduciary owed the plaintiff, Lott, the duty of giving him full information as to the estate of his deceased wife, and informing him of his interest therein before having him sign the quit-claim deed and the assignment in question. Christensen v. Christensen, 327 Ill. 448, 158 N.E. 706.

In our opinion, the findings of fact made by the District Court are more than adequately supported by the material testimony in this record. We are satisfied that such findings comply with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff has proved the facts necessary to establish the cause of action for fraud and misrepresentation, which was stated in his complaint.

The decision of the District Court was right, and its decree is therefore affirmed.