FIELDEN M. ROBERTS, Admr.

*v.*

SUE A. WEIMER *et al.*

*Opinion filed April 18, 1907.*

1. EXECUTORS AND ADMINISTRATORS—*administrator cannot purchase at his own sale—ratification.* An executor or administrator has no power to purchase, directly or indirectly, at his own sale or so manipulate the estate as to acquire title as against the widow and heirs, and it makes no difference whether he acted fairly or fraudulently in acquiring the estate; but the widow and heirs may ratify the sale and compel him to carry out his bargain.

2. SAME—*county court may compel administrator to make new report.* An administrator who carries on his intestate's business for nearly a year and then sells it to a corporation in which he owns the majority of the stock, delivers a quantity of the stock to the widow instead of cash and credits himself in his report with its par value, may be compelled by the county court, at the suit of the widow, who finds the stock to be of no value to her, to make a new report charging himself with the amount he has credited for the stock, which stock is turned over to the court for his benefit, and to account for the profits while he carried on the business as administrator.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

Charles A. Weimer died intestate in Greene county on March 5, 1903, leaving him surviving Sue A. Weimer as his widow, and Edith, aged seventeen years, and Karl, aged

twelve years, as his children and sole heirs-at-law. The widow waived her right to administer upon the estate of Charles A. Weimer, and the appellant, Fielden M. Roberts, was appointed administrator of the estate of said Charles A. Weimer, deceased, on her petition, and Sue A. Weimer was appointed guardian of the estate of Edith Weimer and Fielden M. Roberts was appointed guardian of the estate of Karl Weimer. At the time of and prior to his death Charles A. Weimer was and had been engaged in the manufacture of cigars, and the sale, at retail and wholesale, of cigars and tobacco. On March 23, 1903, appellant obtained leave of the county court of said county, wherein said estate was in the course of administration, to sell at private sale the business, including the property used in said business, of said Charles A. Weimer, deceased, and he was granted leave by the court to carry on said business until a sale could be made. On January 6, 1904, he reported to the county court that he had sold the business, and the personal property used in connection therewith, of Charles A. Weimer, deceased, to Sue A. Weimer for the sum of $5500, which sale was approved, and he was ordered to distribute between Sue A. Weimer, as widow, and Edith and Karl Weimer, as heirs-at-law of Charles A. Weimer, deceased, the sum of $4500. On or about January 1, 1904, the appellant organized a corporation called the C. A. Weimer Cigar Company, with a capital stock of $15,000, consisting of one hundred and fifty shares of the face value of $100 each, fifty of which shares were subscribed by the appellant, thirty-five shares by Charles H. Eldred, thirty-five shares by Jacob Grasser and thirty shares by Sue A. Weimer. The appellant and Eldred and Grasser were elected directors, and the assets of the Charles A. Weimer estate invested in the cigar and tobacco business were turned over to said corporation and thirty shares of its stock were issued to Sue A. Weimer, and she receipted to appellant, as administrator, for $1500 in her own name and $1500 as guardian of Edith Weimer.

Thereafter the appellant filed his final report as administrator, in which he took credit for $1500 as paid to Sue A. Weimer, $1500 as paid to Sue A. Weimer as guardian of Edith Weimer, and $1500 as paid to himself as guardian of Karl Weimer. Sue A. Weimer had before that time filed her final report as guardian of Edith Weimer, and showed therein that she had paid over to Edith Weimer the $1500 which she had received as Edith's distributive share of the estate of Charles A. Weimer, and was discharged as such guardian.

Sue A. Weimer and Edith Weimer filed objections to the final report of the appellant, and on the hearing of said objections it appeared that the appellant carried on the cigar and tobacco business which had been formerly carried on by Charles A. Weimer, from the 23d day of March, 1903, until the sixth day of January, 1904, when he turned the said business, and the property used in carrying on the business, over to said corporation, and that during that time he had bought, manufactured and sold a large quantity of cigars and tobacco, and that he had failed to account for the profits which he had received in said business during the period intervening between the 23d day of March, 1903, and the sixth day of January, 1904, and that he had paid no money to said Sue A. Weimer, individually or as guardian of Edith Weimer, or to himself as guardian of Karl Weimer, and that he had delivered to Sue A. Weimer, in lieu of the amount that he had been ordered by the county court to pay to her individually and as guardian of Edith Weimer, thirty shares of the stock of said corporation. It also appeared that said Charles H. Eldred was a brother-in-law of appellant; that the thirty-five shares of stock in said corporation subscribed by Eldred were held by Eldred for the benefit of the appellant; that Jacob Grasser paid to the corporation for the thirty-five shares of stock subscribed by him the sum of $1500; that the appellant claimed to hold, as guardian, fifteen shares of the stock subscribed by

him for the benefit of Karl Weimer; that the appellant had been appointed manager of said corporation by the board of directors at a salary, and was in the control of said business and the property which had formerly been held by him as administrator of the estate of Charles A. Weimer, deceased; that Sue A. Weimer had received no dividends upon the stock which had been issued to her personally and for the benefit of Edith Weimer, and that when she asked the appellant for a dividend upon such stock he informed her there was nothing to pay dividends with, as it took all the funds of the corporation to keep the business going.

The county court sustained the objections of Sue A. Weimer and Edith Weimer to the final report of the appellant as administrator, and directed Sue A. Weimer to endorse in blank said stock issued to her individually and as guardian and to deposit the same with the clerk of the county court for the benefit of the appellant, and ordered the appellant to file a new report as such administrator, in which he was directed to charge himself with the $3000 which he reported he had paid to Sue A. Weimer, and required him to file an account showing the profits which he had made in the business of Charles A. Weimer from March 23, 1903, to January 6, 1904. From that order the appellant prosecuted an appeal to the circuit court of said county, where the order of the county court was affirmed, whereupon a further appeal was perfected to the Appellate Court for the Third District, where the order of the circuit court was affirmed, and this further appeal has been prosecuted.

H. C. WITHERS, for appellant.

FRANK A. WHITESIDE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended the county court erred in directing appellant to file a new report and account as administrator of Charles A. Weimer, deceased, in which he was required

to charge himself with the $1500 which he had taken credit for in the report then on file as paid to Sue A. Weimer as widow, and the $1500 which he had taken credit for as paid to Sue A. Weimer as guardian of Edith Weimer. It clearly appears from the evidence that Sue A. Weimer was in feeble health and without business experience at the time of the death of Charles A. Weimer; that appellant had been the personal and business friend of Charles A. Weimer, and that Sue A. Weimer, by reason of her physical incapacity, want of business experience and confidence in the appellant, petitioned the county court to appoint him administrator of the estate of said Charles A. Weimer, deceased; that after his appointment the appellant took possession of said business and the assets of the estate used therein, which business during the life of Charles A. Weimer had been an extensive and paying business, and through said corporation and the pretended sale to Sue A. Weimer he had obtained the absolute control thereof; that the widow and heirs of Charles A. Weimer had never received, after the death of Charles A. Weimer, any benefit from said business or the assets of the estate used in said business.

The law in this State is well settled that an administrator cannot purchase at his own sale, directly or indirectly, or so manipulate the property of the estate of his decedent that he can derive title to the property of the estate, directly or indirectly, as against the widow and heirs of his intestate, for whose benefit, after the payment of the debts of the decedent, he holds the property of the estate in trust; and it makes no difference whether he acts in good faith or fraudulently in attempting to invest himself with the title to the estate which he is administering. (*Miles* v. *Wheeler,* 43 Ill. 123; *Coat* v. *Coat,* 63 id. 73; *Ebelmesser* v. *Ebelmesser,* 99 id. 541; *Lagger* v. *Mutual Union Loan and Building Ass.* 146 id. 283.) Especially is this true when the widow and heirs of an administrator's intestate, by reason of the confidence reposed in the administrator by

them, are misled and imposed upon by the administrator. (*Thomas* v. *Whitney,* 186 Ill. 225; *Mayrand* v. *Mayrand,* 194 id. 45.) It is clear that the sale to Sue A. Weimer was not a sale made in good faith, but was only a part of a scheme devised by appellant to transfer the title to said business and property to a corporation, in which he was the principal stockholder, without permitting the records of the county court of Greene county to show a transfer from him to said corporation direct. We think there can be no question but that Sue A. and Edith Weimer, when they discovered the stock of said corporation which had been turned over to them in lieu of the $3000 in cash which the court had ordered to be paid to them was substantially worthless, had the right to return their stock to appellant and require him to account to them for the money which the county court had ordered him to pay to them, and that the county court did not err in requiring the appellant to charge himself with the $3000 which he had taken credit for as paid to Sue A. Weimer for herself and Edith Weimer, in his said report.

It is next urged the county court erred in requiring the appellant to account for the profits of the business from the 23d day of March, 1903, to the sixth day of January, 1904, the date of the transfer of the business and property connected therewith to the C. A. Weimer Cigar Company by the appellant. The appellant carried on the business from the 23d day of March, 1903, to January 6, 1904, and we are unable to see why he should not account for the profits of the business during that time. The appellant insisted, however, that he sold said business, and the assets connected therewith, as of March 23, 1903, and that the sale carried with it the profits of the business, if any, made between March 23, 1903, and January 6, 1904. The order of the county court did not authorize the appellant to sell such profits, and we are of the opinion that the profits of the business, if any, during the period while the business

was carried on by the administrator, did not pass to the corporation at said sale, and that the county court properly ordered the appellant to account for the profits made by him, if any, during the period he carried on the business as administrator.

. It is also contended that the county court, in case it required the appellant to charge himself with said $3000 and to account for the profits of said business from March 23, 1903, to January 6, 1904, should have set aside the sale of said business and assets to the corporation and ordered the same re-sold, or, at most, only charged the administrator with the amount at which said business and assets were appraised, and not at the amount of the sale thereof as reported by him. The evidence tended to show that the appraisement was less than the property was worth. We think, however, the sale and transfer made by the appellant, through Sue A. Weimer, to the corporation, which, in effect, was a sale to himself, was binding upon him, and that as to that part of the transaction the widow and heirs of Charles A. Weimer, deceased, might ratify the same and at the same time call upon the administrator to account for the profits of the business during the time he carried it on as administrator, and to charge his account with the $3000 which he attempted to pay to them in stock of said corporation instead of in cash, as he had been directed by the county court.

It is lastly contended that Sue A. Weimer participated in the formation of said corporation and accepted said stock in lieu of $3000 in cash, and that she turned over fifteen shares of the stock to Edith Weimer, which Edith accepted in payment of said $1500; that said Sue A. Weimer and Edith Weimer are estopped to now ask that the $3000 be paid in cash to them and that appellant be required to account for the profits of said business during the time that he carried it on as administrator. The evidence shows that Sue A. Weimer and Edith Weimer relied upon the appel-

lant implicitly; that they signed such papers as he prepared for them to sign, and accepted the stock by reason of the fact that he represented to them that was the best thing for them to do, and that they never questioned his business judgment or good faith in dealing with them or with the estate of Charles A. Weimer, deceased, until after the business and property of said estate had been transferred by him to the corporation, and until after they called upon him for dividends and he informed them there was nothing to pay dividends with, as it took all funds taken in in the business to keep it going. As soon as Sue A. and Edith Weimer found out the situation the business of the estate was in, they repudiated the transfer of the thirty shares of stock to them in payment of their interest in the estate of Charles A. Weimer, deceased, and appeared and filed objections to the approval of the appellant's final report and asked that he be required to account to them for their interest in said estate, and offered to return to him the stock which he had transferred to them in settlement and payment of their interest in the estate. We think that Sue A. and Edith Weimer acted in apt time and that they had done nothing which should estop them from recovering their interest in said estate.

While the action of the county court may work a hardship upon the appellant, if such is the case it is due to the fact that he attempted to deal with the assets of the estate of which he was administrator in a manner which the law will not sanction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*