(No. 18353.—Reversed and remanded.)
BETTY CHRISTENSEN, Appellant, *vs.* HARRY J. CHRISTENSEN *et al.* Appellees.

*Opinion filed October 22, 1927—Rehearing denied Dec. 9, 1927.*

1. WILLS—*executor stands in a fiduciary relation to testator's widow.* The law makes the executor a trustee for the testator's widow and all the heirs and distributees, and the executor sustains toward the widow a fiduciary relation.

2. EXECUTORS AND ADMINISTRATORS—*executors or administrators cannot profit by dealing with estate.* The law forbids all administrators and executors from dealing on their own account with the thing or the persons falling within the trust relation, and they are prohibited from making any personal profit by their dealings with the property of the estate.

3. CONTRACTS—*when contract by widow waiving rights in estate will be set aside.* Where a testator's widow enters into a contract with the executor and other beneficiaries in which she releases all her rights in the estate in consideration of a conveyance of property of which she is already the owner as survivor of a joint tenancy, the agreement will be set aside in equity where the evidence shows that the executor did not inform her of the nature and extent of her rights in the estate nor of the nature and effect of an estate in joint tenancy.

APPEAL from the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding.

CHARLES J. TRAINOR, for appellant.

JOHN J. SONSTEBY, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

In January, 1917, Martin J. Christensen entered into a contract to purchase the property at 6025 Eberhart avenue, in Chicago, for $5125. On February 22, 1917, he was married to appellant, Betty Christensen. On April 16, 1918, the Eberhart avenue property was conveyed to

Christensen and appellant in joint tenancy, and a trust deed was executed by them to the seller to secure the payment of the unpaid balance of the purchase money. In May, 1919, Christensen and appellant separated and did not again live together. On December 8, 1924, he died testate, and in and by his last will and testament, which was duly probated, he nominated appellee Harry J. Christensen executor thereof and devised and bequeathed his entire estate to his five children by a former marriage, of whom Harry was one. On December 30, 1924, Harry filed his application in the probate court of Cook county for letters testamentary and he was duly appointed and qualified, and at the time of the transaction which is the subject of this litigation he was acting as such executor. About the 18th of December, 1924, appellant consulted Arthur L. Hoffman, who had been admitted to the bar less than two years, concerning her interest in the estate, and entered into a written contract with him in which she agreed to pay him for his services twenty-five per cent of whatever he recovered for her from the estate. At his death Christensen was the owner of property at 5531-33 South State street, in Chicago, which was worth according to appellant's witnesses about $34,000, and according to appellees' witnesses about $22,000. Hoffman after his employment entered into negotiations with the attorney for the executor, as the result of which on March 11, 1925, a written contract dictated by the attorney for the executor was entered into by appellant and appellees, the children of Christensen, the names of all the children being signed thereto by Harry J. Christensen, who was the executor at that time. The contract recited Christensen's death testate, the probate of the will, the issuance of letters testamentary, the renunciation of the will by appellant, that deceased left as his only estate the real estate known as 5531-33 South State street, improved with a garage, the real estate known as 6025 Eberhart avenue, $1769.94 in bank, some real estate in Michi-

gan and some personal property, consisting of two guns and an old automobile. The contract provided that appellant was to receive, and the other parties to convey to her, the real estate 6025 Eberhart avenue, subject to the taxes for the year 1924, the rents (beginning January 1, 1925,) to be paid to her, and the cost of bringing down a guaranty policy to show good title in her to be paid by the other parties, and that in consideration thereof and of other good and valuable consideration appellant agreed to convey to the other parties all her right, title and interest, of every kind and character, in and to the estate of Christensen which she had as surviving widow or otherwise, including her right of dower, homestead and widow's award, and agreed to convey to them by quit-claim deed all of her right, title and interest in the real estate at 5531-33 South State street and in Michigan. By the contract she released her widow's award and gave a general release of all her claims, of every kind and character, against the estate. Some time later, in the month of March, 1925, appellant executed her quit-claim deed in accordance with the terms of the contract and appellees made and acknowledged a quit-claim deed to her to the Eberhart avenue property and delivered the same to Hoffman. This deed was never delivered to appellant, as by this time it was disclosed by the guaranty policy that the title to the Eberhart property was in appellant. Immediately after the execution of the papers appellant procured a loan of $2500 upon the property, and out of the proceeds of the loan paid to Hoffman $2442.25, being twenty-five per cent of the estimated value of the Eberhart avenue property, less some deduction for interest and insurance and expenses incident to the loan.

In August, 1925, appellant filed her bill in the superior court of Cook county to set aside the contract of March 11, 1925, and the deeds by which she conveyed to appellees her interest in the State street and Michigan property, and to set aside the release of her interest in Christensen's

estate and her release of her widow's award. In her bill she alleged that at the time of the execution of the contract she was ignorant of the fact that she was the actual owner of the Eberhart avenue property, and that she had received nothing from the estate. The bill alleged fraud on the part of the executor, Harry Christensen. An answer was filed by appellees, in which they denied any fraud. The cause was referred to a master in chancery, who heard the evidence and reported that the specific fraud charged in the bill of complaint had not been proved, and therefore recommended that the bill be dismissed for want of equity. Objections were filed and overruled, and exceptions were filed in the superior court, in which court appellant, by leave of court, filed amendments to her bill of complaint, alleging that Christensen at the time of his death left in money approximately $2000; that appellant had not been informed at the time of the execution of the papers in question, by the executor or any other person, that Christensen had left that or any sum; that she did not know of her right to a widow's award, and that she had not been informed thereof by the executor or by any other person; that she did not know that she held the title to the property at 6025 Eberhart avenue as a joint tenant and that she became seized in fee thereof as a surviving tenant upon the death of her husband; that the executor failed to inform her of her rights in the premises, but, on the contrary, he informed her that she had no more than a dower interest in the property, the same as she had in the property at 5531-33 South State street; that they had estimated the value of the Eberhart avenue property at $10,000 and the State street property at $20,000, and represented to her that the heirs of Christensen would convey to her their interest in the Eberhart avenue property, which represented her one-third interest in the estate, if she in turn would convey to them her dower interest in the property on State street with her interest in the Michigan property and release her widow's

award and all interest in the estate, and that by reason of such false representations and the concealment of the material facts incident to the estate, the nature and extent thereof and of her rights and interest therein and of her ownership of the Eberhart avenue property she was induced to enter into such agreement. The answer of appellees to the original bill stood as their answer to the amended bill. The court overruled the exceptions to the master's report and entered its decree dismissing the bill for want of equity. Appellant has perfected an appeal from that decree to this court.

Appellant testified to substantially the facts set forth in her amended bill of complaint. She is corroborated by her married daughter as to what took place at the time of the signing of the contract. On the other hand, Hoffman and Harry J. Christensen testified that at the time of the signing of the contract she was informed that the title to the Eberhart avenue property was in joint tenancy, and that if she did not sign the agreement Sonsteby would file a bill in court on behalf of Christensen's heirs to have a resulting trust declared. Much of Hoffman's testimony, if objection had been interposed, would have been incompetent as privileged communications between attorney and client. Appellant's version of what took place is corroborated by the written contract. It does not purport to be a contract for the settlement of threatened litigation with reference to the declaration of a resulting trust, but purports to be a contract for the division of Christensen's property, of which the Eberhart property is stated to be a part. Hoffman did not charge appellant $2442.25 for services rendered her in settling proposed litigation, but he did charge her that sum as twenty-five per cent of the amount which he claimed to have recovered for her from the estate of Christensen. The evidence clearly shows that even if it be conceded that appellant was informed that the title to the property in question was in joint tenancy and that if she did not sign

the contract Sonsteby would institute a suit to have a resulting trust declared, she was not informed as to the nature and effect of a deed in joint tenancy, or as to what a resulting trust was, or the circumstances under which a resulting trust could be declared. Neither was she informed that at the time of Christensen's death he had about $1800 in the bank, nor that she was entitled to dower and a widow's award, nor as to the amount and value of such rights. She was not informed that the legal title to the property was in her, and that even if her husband had paid the entire purchase price the presumption of law would be that he intended the property as a gift to her. (*Bachseits* v. *Leichtweis,* 256 Ill. 357; *Clavey* v. *Schnadt,* 272 id. 464.) Nor was she informed as to the correct valuation of the various properties owned by the deceased. Under the statute in force at the time of Christensen's death she had an interest in all the real estate of which he died seized, of which she was not divested and could not be divested by Christensen's will. (*Shoup* v. *Shoup,* 319 Ill. 179.) She was entitled to a distributive share of the estate. Harry J. Christensen was the executor of the will and sustained toward her a fiduciary relation. The law made the executor a trustee for appellant and all of the heirs and distributees of Christensen's estate. (*Roberts* v. *Weimer,* 227 Ill. 138.) The law forbids all administrators and executors from dealing on their own account with the thing or the persons falling within that trust or relation. (*Miles* v. *Wheeler,* 43 Ill. 123; *Rittenhouse* v. *Smith,* 255 id. 493; *Shearman* v. *Cooper,* 294 id. 314.) Executors are prohibited from making any personal profit by their dealings with the property of the estate. (*Elting* v. *First Nat. Bank,* 173 Ill. 368; 2 Pomeroy's Eq. Jur. sec. 953.) In *Mayrand* v. *Mayrand,* 194 Ill. 45, it was held that sons of the testator who were executors and residuary legatees under the will occupied such a fiduciary relation to their step-mother, the widow, as to cast upon them the burden of showing

that a release of the widow's award was executed by her fully understanding the effect thereof and intending thereby to release her award. In the present case, among the papers executed by appellant on March 11 was a receipt to the executor for $500 as the widow's award and a release thereof. The undisputed evidence is that no part of the widow's award was paid to her. By reason of the fiduciary relation sustained by Harry J. Christensen to her, appellant had a right to rely upon him, and it was his duty, and good faith required him, to explain to her fully the extent of her husband's estate, what a widow's award was and the probable value thereof, before having her execute a paper releasing the same, (*Mayrand* v. *Mayrand, supra,*) and good faith likewise required him to explain to her fully the condition of the title to the Eberhart avenue property, the nature and effect of a title in joint tenancy, the circumstances under which a resulting trust could be declared, and all information which would enable her to have exactly the same knowledge with reference to the estate which he had, before having her execute papers whereby she surrendered an interest in her husband's estate greater than the amount which she received under the settlement of March 11, 1925, without receiving anything in return therefor. Even though the contract of March 11 could not have been impeached if no fiduciary relation had existed, by reason of such relation it cannot be allowed to stand.

The decree of the superior court of Cook county is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the prayer of appellant's bill.

*Reversed and remanded, with directions.*