Anna Van Brunt, Plaintiff-Appellant, v. Hilma Kristina Osterlund, Anna Maria Pettersson, and Axel Hjalmar Pettersson, Defendants-Appellees.

Gen. No. 10,701.

Opinion filed December 3, 1953. Released for publication December 21, 1953.

JOSEPH R. ROSBOROUGH, of Moline, for appellant.

HENRY W. PARSONS, and WALTER J. KLOCKAU, JR., both of Moline, for appellees; WALTER J. KLOCKAU, JR., of Moline, of counsel.

MR. PRESIDING JUSTICE ANDERSON delivered the opinion of the court.

Charles Edward Johnson died testate in 1949. His will was admitted to probate in the probate court of Rock Island county, Illinois. Anna Van Brunt, plaintiff-appellant herein, was nominated in the will and was appointed and qualified as executrix in Rock Island county probate court on March 15, 1949. The second clause of Johnson's will provides as follows:

"I give and bequeath to my sister, CHRISTINE AMELIA PETTERSSON, of Stensvassa, Sweden, the sum of Five Thousand Dollars ($5,000.00). I have not seen my sister in a great many years, and do not

know whether she is living or not at this time, but if she should not be living, I direct that this bequest shall be paid to her heirs-at-law, as the same may be determined, according to the law of the State of Illinois. I do also direct that the provisions of this paragraph, for my sister or her heirs-at-law, are subject to the condition that if my sister or anyone for her, or her heirs if she is not living or anyone for them, should start, institute or commence any action whatsoever to contest the validity of this will in any way, or take any action whatsoever to have the effect of invalidating or nullifying the provisions of this will, that thereupon the provisions of this paragraph for my sister or her heirs if she should not be living, shall immediately be cancelled and the said sum bequeathed by this paragraph shall revert to the residuary clause herein."

The above is the only specific legacy contained in the will.

The testator devised his real estate to various neighbors and tenants, strangers to his blood. He devised the remainder of his estate, both real and personal, to Anna Van Brunt, also stranger to his blood. The will stated that this devise and bequest was made in lieu of payment to her for her care of him during the past several years.

On December 14, 1949, Tage Pettersson and May Ivy Jonsson filed a suit in the circuit court of Rock Island county to contest the will of Charles Edward Johnson on the grounds of lack of testamentary capacity and undue influence. The complaint alleged that the appellees, Hilma Kristine Osterlund, Anna Maria Pettersson, and Axel Hjalmar Pettersson were the children of the testator's sister, Christine Amelia Pettersson, named as legatee in the second clause of the will and who predeceased the testator by two weeks.

The contestants to the will alleged that they were beneficiaries under a will dated in 1945 in which the

appellees were not included. The devisees named in the will and the executrix, defendants, filed an answer in the will-contest suit denying the charges. The appellees who lived in Sweden and were defendants in the will-contest suit, were served as nonresidents by publication. There is nothing appearing in the record showing that they ever received the notice mailed to them pursuant to the statute. They did not appear at the trial on the contest of the will nor did they file answer or appear by attorney. The circuit court entered a default against them. The will-contest case was tried before a jury on April 2, 1951. The jury returned a verdict finding against the contestants and on October 24, 1951, the court dismissed the complaint for want of equity.

On February 29, 1952 the executrix filed her final report in the probate court and alleged that because the appellees had permitted a default to be entered against them in the will-contest suit, the bequest of $5,000 was forfeited under the provisions of clause two of the will, and belonged to her, as the residuary beneficiary. The appellees filed an answer denying the forfeiture, and after a hearing the probate court held that the legacy was not forfeited and directed its payment to the appellees, the only heirs-at-law of Christine Amelia Pettersson, their mother. The appellant appealed from this order to the circuit court, and the matter was there tried *de novo* and the circuit court held that the legacy was not forfeited and directed its payment in the same manner as directed by the probate court. Anna Van Brunt has appealed from that order to this court.

The appellant admits in her brief that there is just one question to be resolved on this appeal, namely, whether or not the legacy of the appellees was forfeited under the terms of the will by reason of the fact that the appellees permitted a default to be entered

against them in the suit to contest the will. It is admitted by the appellant that the appellees took no affirmative action of any kind in the will-contest suit.

The case of *Lobb v. Brown,* 208 Cal. 476, 281 P. 1010, cited by appellees, is quite in point. The will in that case contained a forfeiture clause that if any beneficiary "shall institute proceedings in any wise contesting this my last will and testament," the share of such person should go to the residuary legatee or legatees not contesting it. Two nephews of the testator, beneficiaries under his will, were made parties-defendant to a suit contesting the will. They filed an answer in which they failed to deny the charges that the will had been procured by undue influence. The suit was later dismissed on the ground that the plaintiffs had no interest in the estate. The executor later brought an action against the nephews alleging that they had forfeited their legacy by contesting the will. The reviewing court affirmed a judgment for the defendants. The court held that the fact that the nephews had failed to deny the charge of undue influence did not tend to show that they were aiding in the contest. The court further said :

". . . . . The respondents were under no obligation, legal or otherwise, to deny in their said answer the charge of undue influence made against appellant. In fact, they may have been unable, as they understood and believed the facts of that case to be, to truthfully deny said charge. Their failure to include such a denial in their answer under these circumstances could not under any possible hypothesis be construed as a breach of any provision of said will."

In *Clark v. Bentley,* 398 Ill. 535, the will provided that in case any of the testator's children should contest the validity of the will or attempt to alter or change any of its provisions, they should lose their beneficial interest. It was held that the making of a

561

quitclaim deed by the children to the widow followed by a quitclaim deed by the widow to each of the children of an undivided interest in the rents and proceeds in the real estate was not a violation of the will that would work a forfeiture under the provisions against contests. The court said that the making of the deeds could not reasonably be construed as a "contest" of the will. The court further said in finding there was no forfeiture:

We are further guided by the well-established rule that equity does not favor forfeitures, and in construing conditions, both precedent and subsequent, a reasonable construction must be given in favor of the beneficiary. (Page on Wills, vol. 3, page 748; *LaRocque v. Martin,* 344 Ill. 522.) The contention of appellant that the conveyances worked a forfeiture under the conditions set out in the seventh clause of the will cannot be sustained.

 In the instant case we agree with appellant's argument and the authorities cited by her such as *Cassem v. Kennedy,* 147 Ill. 660, that the testator's intention as expressed by the language in his will may be controlling to determine its meaning. We do not agree with her conclusions as to the interpretation of clause two of the will. It appears to us that the provisions in the will that the legacy would be forfeited if the legatee should "take any action whatsoever to have the effect of invalidating or nullifying the provisions of this will" would require some affirmative action. The word "action" used in its ordinary sense means this. The legatees did nothing affirmatively to invalidate the will. We believe it can be reasonably said from this language that the testator meant to require the above mentioned action. It is difficult to believe that the provision in his will providing that if the legatee took any action whatever, it would have the effect of invalidating or nullifying the provisions of this will would mean

that if the legatees permitted a default to be entered against them, it would operate as a forfeiture of the legacy. It was the primary duty of the executrix to defend the will and the appellees may well have thought that she would defend it, as she did, without the necessity of their doing anything. The burden of proof was upon the appellant to establish the forfeiture. She relies upon the language of the will and the default to establish this. We believe that the rules announced in *Lobb v. Brown* and in *Clark v. Bentley, supra,* are correct in the instant case to prevent a forfeiture. In our opinion under the undisputed facts, no forfeiture has been proven. The trial court's judgment finding there was no forfeiture is supported by the law and the evidence.

The appellees have filed a cross-appeal. They assign as error that the trial judge erred in not allowing them interest on their legacy. They argue that they are entitled to interest at 5 per cent commencing one year after Johnson's death on February 6, 1949. In their answer filed in the probate court, they asked that interest on the legacy be awarded them.

 In *State Bank of Chicago v. Gross,* 344 Ill. 512, the question of when interest is payable on pecuniary legacies was fully considered by the Supreme Court. The following rules of law are stated in this opinion: general pecuniary legacies draw interest from the time they are due and payable unless the will clearly establishes a contrary intention. It is a rule of construction that the unconditional gift of a general pecuniary legacy is a gift of both principal and interest, and that the interest is given not as a penalty for the executor's negligence but as an incident and accretion to the legacy itself. The legacy is regarded as due and payable one year from the testator's death and draws interest from such time. No demand for the payment of the legacy is necessary. The fact that the payment of

the legacy is delayed by an unsuccessful contest of the will by the legatee himself or others does not prevent the legatee from receiving the interest. The above case cites many authorities but it is not necessary to recite them here. This court in *In re Estate of Eliopulos,* 328 Ill. App. 389, and citing *State Bank of Chicago v. Gross, supra,* held that where the terms of a will do not fix a time when the legacies are to be paid, they are considered due and payable one year after the testator's death.

■■ ■■ Appellant argues that neither the pleadings nor the proof disclose that the appellees were claiming interest. The record does not show this. It appears from the answer of appellees that they were claiming interest. The pleadings appear in the transcript from the probate court to the circuit court. While the trial was *de novo* in the circuit court the pleadings in the probate court were a part of the record. On the basis of the above well-established law, the appellees were entitled to receive interest on their legacy at 5 per cent per annum commencing one year after the death of Charles Edward Johnson to the time of payment. The trial court erred in not entering judgment for the appellees for that sum.

■■ ■■ Appellees further contend that the executrix should be charged with additional interest at the rate of 10 per cent for failure to pay the legacy within two years after the issuance of letters testamentary under the provisions of Ill. Rev. Stat. 1953, chap. 3, par. 462 [Jones Ill. Stats. Ann. 110.559]. This statute provides that a penalty shall not be imposed if good cause is shown why the settlement of the estate was not completed within the above period. It appears from the record that the will was admitted to probate on March 5, 1949, and thereafter a chancery suit seeking to contest the will was pending until October 24, 1951. It further appears that there was a serious ques-

tion as to whether or not the legacy had been forfeited. No demand was made on the executrix to pay the legacy. To allow the penalty would permit the appellees to recover 15 per cent interest on their legacy. The statute being penal in nature should be strictly construed to prevent the imposition of the penalty. In view of all these facts and circumstances, it appears to us that the executrix has shown good cause for failing to settle up the estate at an earlier date, and that the penalty imposed by the statute should not be inflicted on her.

 The appellant filed a motion to dismiss the cross-appeal. One of the grounds urged was that the cross-appellants, since they were nonresidents, were required to enter security for costs. This motion was taken with the case. A cost bond can only be required by statute, by rule of the Supreme Court, or by rule of this court. (*The County of Peoria v. Harvey*, 18 Ill. 364.) We find no statute or rule requiring such a bond. The other portions of the motion to dismiss have been passed on in the opinion. For these reasons the motion to dismiss the cross-appeal is denied.

After careful consideration of the entire record, it is our opinion that the trial court was correct in finding that the appellees had not forfeited their legacy. It is our further opinion that the court erred in not allowing interest at 5 per cent per annum to the appellees from February 6, 1950, one year after testator's death, until the time of the payment of the legacy by the executrix, and the court's judgment in that respect is reversed, and this cause is remanded to the trial court with directions to enter an order in accordance with the views expressed in this opinion.

*Judgment affirmed in part and reversed in part with directions.*