(No. 30224.—

MILDRED KUHL CLARK, Appellant, *vs.* DAISY P. BENTLEY *et al.*, Appellees.

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

FREDERICK P. SIMMON, and WILLIAM B. SCHRODER, both of Rock Island, for appellant.

MARTIN E. O'CONNOR, and CHARLES W. BLACHINSKY, both of Kewanee, BROWN & BROWN, of Geneseo, and EAGLE & EAGLE, of Rock Island, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Mildred Kuhl Clark appeals to this court from an order entered by the circuit court of Henry County dismissing her complaint praying for construction of a will and the appointment of a receiver. She filed her complaint in the above court seeking construction of the will of William Bentley, who died on October 24, 1939, leaving as his only heirs the appellant, who is a granddaughter, Daisy P. Bentley, his widow, and Nina D. Maranville, Ada E. Anderson, Margaret June Van De Wostine, Lloyd W. Bentley, Roy M. Bentley, Glenn F. Bentley, Russell L. Bentley, his children. After a hearing by the chancellor on motions filed by the defendants, which were allowed, plaintiff was given twenty days' leave to amend her complaint, and having elected to stand on the pleadings, an order was entered by the chancellor dismissing her complaint for want of equity. The cause is brought here, the contention being

that the court erred in entering such order. The order was rather extended, covering determination of many phases and conditions in the will not supported by proper allegations in the complaint and prayer for relief and which were unnecessary for determination in sustaining motions to dismiss the complaint.

The will of William Bentley presented here was executed on November 16, 1935, and was admitted to probate in the county court of Henry County on November 30, 1939, with the widow, Daisy P. Bentley, appointed executrix. The will was not contested, either in the probate or circuit court. The decedent left considerable personal and real property situated in the counties of Henry and Bureau. By the terms of the will the testator created a contingent remainder in his children which contingency was based upon their surviving the life of his widow, Daisy P. Bentley. The will contained a trust provision which provided for a trust to be effective upon the death or remarriage of his widow, the same to remain in effect for a period of five years after the death of the widow, at which time the trustees were to call together all of the heirs and determine whether they could take the property jointly and amicably, and, if not, the trustees were directed to sell the property and divide the proceeds among those entitled. The appellant was to receive $1000 as her share in the estate.

The further provisions of the will created a conditional life estate in the widow, Daisy P. Bentley, the conditions being that she would receive only one third of the income of the estate for life in the event that she remarried and further, that she would forfeit all except the sum of one dollar in the event that she violated the seventh clause of the will. This clause, which presents the principal question here for determination, is as follows:

"It is further my will that if any of my children, or any son-in-law, or any daughter-in-law, shall be found upon my death to be owing my estate any amount, or

amounts, of money, the said amount, or amounts, so owing, together with interest at the rate of four per cent (4%) from the date of incurring said debt, shall be deducted from the share of my said child or children so owing, or from the share of any of my daughters where said son-in-law, or the share of my son where said daughter-in-law owes said debt. If any of my children, or grandchildren, of any of the cestui que trust under this will shall contest the validity of this, my Will, or attempt to vacate the same, or alter or change any of the provisions thereof, he, or she, or they, shall be thereby deprived of any beneficial interest under this Will, and of any share of my estate, except the sum of One Dollar ($1.00), and the share, or shares, of such person, except the sum of One Dollar ($1.00) shall be divided equally between the others of my said children not so contesting the said Will, and the interests of the said persons contesting, or attempting to contest the said Will, shall be only the sum of One Dollar ($1.00) to be paid to them out of my estate."

It is urged by the appellant that the acts of the widow and children, in making disposition of the estate, clearly violated the seventh clause of the will in that their actions were attempts to vacate, alter and change its provisions, which was contrary to the intention of the testator in the disposition of his estate; that since these acts were violations of the seventh clause of the will, the widow and children were entitled to one dollar and no more.

The transactions out of which this controversy arose and wherein the appellant claims a forfeiture consisted of quitclaim deeds made by the children of the testator to the widow, Daisy P. Bentley, who, in turn, quitclaimed an undivided one-twelfth interest in the rents and profits in the real estate to each of the children. Following this, on August 30, 1944, the widow and children conveyed one parcel of the real estate by warranty deed to defendant Peter Eeckhout, and on September 1, 1944, another parcel

of the real estate by warranty deed to Alfons Buysse.

It is appellant's contention that the acts of the defendants in making said deeds were attempts to vacate the will, or alter or change the same, and that said acts violate the forfeiture provisions in the seventh clause of the will and by these acts the defendants-heirs have forfeited their right to share in the estate.

In view of appellant's contention, it becomes necessary to closely analyze the provisions of the seventh clause of the will. It is to be observed that said clause contains a provision that if any of the testator's children shall contest the validity of the will, or attempt to vacate the same, or alter or change any of the provisions thereof, he shall be deprived of any beneficial interest under the will except the sum of one dollar; and further, the share or shares of such person shall be divided equally between the children not so contesting the will.

Appellees contend their acts did not constitute a forfeiture and that the testator contemplated a court contest or court proceedings in some form before the forfeiture clause could be invoked.

To arrive at the true intention of the testator as contained in the seventh clause, it is necessary to construe the entire clause rather than select isolated parts of the same. The language used by the testator in this clause indicates that he had in mind and intended some form of court proceedings or contest of the will. This is apparent from the terms used in the clause that "If any of my children, or grandchildren, or any of the cestui que trust under this will shall contest the validity of this, my Will, or attempt to vacate the same, or alter, or change any of the provisions thereof, he, or she, or they, shall be thereby deprived of any beneficial interest * * *." That the testator contemplated some form of court or judicial contest or determination is further evidenced by other language used in the seventh clause in which the testator provided that "my

said children not so contesting the said Will, and the interests of the said persons contesting, or attempting to contest the said Will, shall be only the sum of One dollar ($1.00) to be paid to them out of my estate." "Contest," in law, as defined in Webster's New International Dictionary, Second Edition, is "To make a subject of litigation; to dispute or resist by course of law; to defend, as a suit; to controvert."

We are further guided by the well-established rule that equity does not favor forfeitures, and in construing conditions, both precedent and subsequent, a reasonable construction must be given in favor of the beneficiary. (Page on Wills, vol. 3, page 748; *LaRocque* v. *Martin,* 344 Ill. 522.) The contention of appellant that the conveyances worked a forfeiture under the conditions set out in the seventh clause of the will cannot be sustained.

In view of our conclusion that the acts of the appellees in conveying the property did not amount to a forfeiture under the seventh clause of the will, it is unnecessary for us to decide as to the validity of the forfeiture provision in the will or as to whether it is contrary to public policy. In the case of *Whitmore* v. *Smith,* 94 Okla. 90, 221 Pac. 775, there was a provision in the will which provided, "I hereby direct that if any of the legatees herein mentioned contest this will and try to break or void it, they are for that reason to cease to be a beneficiary of my estate." There the widow and children of the testator conveyed their interests by warranty deed. The child who did not join in the deeds sought to have the rights of the widow and children forfeited under the provisions of the will referred to. The court rejected the contention and held that the acts and conduct of the beneficiaries in conveying their interests under the will did not constitute a violation of the clause referred to and were not a forfeiture of their interests.

Appellant contends that the defendants Alfons Buysse and Peter Eeckhout hold deeds which are void and of no effect. In the view taken upon the issues presented by the pleadings in this cause, it is unnecessary for us to pass upon the question of the validity of these conveyances. *Daubman* v. *Daubman,* 353 Ill. 69.

Appellant argues there was a trust created in the will and contends that the making of the conveyances by testator's widow and children attempted to terminate a testamentary trust set up by the testator.

We have before us only such questions as are properly raised by the pleadings, consisting of appellant's complaint and the motions. From an examination of the complaint we fail to see how the validity of the trust or allied questions have been raised. The complaint states that there was a trust provision in the will and also alleges that appellant was to be paid one thousand dollars at the termination of the trust five years after the death of Daisy P. Bentley. It does not, however, pray for a construction of the trust, neither does the complaint by proper allegation seek to enforce a trust, and there is no prayer for relief requesting any affirmative action in regard to the trust. We are not passing upon questions concerning the trust as it is our view, from the pleadings as presented, that these questions have not arisen. We are circumscribed in our consideration of the questions raised to the confines of the pleadings as presented.

While there are some matters included in the decree which are not relevant to the issues, under our views as heretofore pointed out, the decree as entered dismissing the complaint for want of equity was correct and is affirmed.

*Decree affirmed.*