(No. 31067.—

LEONA WEILMUENSTER, Appellant, *vs.* KATE SWANNER, Appellee.

*Opinion filed September 22, 1949.*

H. E. SKINNER, of Marion, for appellant.

POWLESS & WINTERS, of Marion, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from the circuit court of Williamson County, construing the last will and testament of Oscar Schwanner, deceased. The testator, Oscar Schwanner, (also spelled Swanner) died testate on July 13, 1946, leaving surviving as his only heirs-at-law, his widow, Kate Schwanner, and their daughter, Leona Weilmuenster. The will as construed by the court gave the widow the absolute title to the entire estate, and the court dismissed the daughter's amended complaint for want of equity. The amended complaint as filed requested the court to decree that under a proper construction of the will it was the intention of the testator to give to the daughter one third of the estate, and the remainder to St. Francis' Catholic Church of Stone Fort, Illinois, and St. Joseph's Catholic Church of Marion, Illinois.

From the decree entered, the daughter, Leona Weilmuenster, has appealed. A freehold being involved because of the testator's ownership of real estate at the time of his death, the cause comes directly to this court.

The will after providing in the first clause for the payment of debts and funeral expenses is set out in its actual language, as follows:

"SECOND, After the payment of such funeral expenses and debts, I give, devise, and bequeath all my property both real and personal and effects of every name and nature which I now have and may die possessed of, to my wife, KATE SCHWANNER, but if she should precede me in death, then I give, devise and bequeath unto my daughter, Leona Weilmuenster, one third (1/3) of my property, both real and personal and effects of every name and nature but if my daughter, Leona Weilmuenster should precede me in death, then her one third shall be divided equally between her children.

"One third (1/3) of my estate I give, devise and bequeath to St. Francis Catholic Church at Stonefort, Illinois, but the sum of Twenty Five (25.00) Dollars out of this one third to be used for the saying of masses for myself and my wife, Kate Schwanner

"One third (1/3) of my estate I give, devise and bequeath to St. Joseph Catholic, at Marion, Illinois, but the sum of Twenty Five (25.00) Dollars out of this one third is to be used for the saying of masses for myself and my wife, Kate Schwanner.

"I order my executrix to sell and dispose of any and all of my property, both real and personal, for cash money, so my estate can be divided as is my request written here above.

"LASTLY, I make, constitute and appoint Kate Schwanner, if living, without bond or security, if she should precede me in death, then I appoint my daughter, Leona Weilmuenster, without bond or security to be Executrix of this, my last Will and Testament, hereby revoking all former wills by me made."

It is the contention of the appellant that the testator, by directing his executrix to sell and dispose of any and all of his property so his estate can be divided as previously requested in the will, clearly expressed his intention that his estate should be divided between appellant and the two churches, one third to appellant and one third to each of the churches, as that is the only division of the estate which is mentioned or requested in the will; that the direction to the executrix to sell so the estate can be divided is a specific provision and is so repugnant to the general provision giving all of his property to appellee that one of such provisions must fall; that the direction to sell in order to divide, being the last expression of the testator's intention, must prevail and control; and that as the two churches have each filed a disclaimer of any interest in the estate, the two-thirds given to them must descend as intestate property. Appellant therefore claims that she takes one third of the estate under the will and takes as heir of the testator two thirds of the shares given to the churches, her claim being that she is thus entitled to seven ninths of the entire estate, and that her mother, the testator's wife, who, according to appellant's contention, was given nothing by the will, takes, because of the disclaimer by the churches, the remaining two-ninths of the estate.

It is a fundamental rule that in determining the testator's intention the whole will must be considered and

effect given to each sentence, phrase or word, if possible to do so. (*Jackman* v. *Kasper,* 393 Ill. 496.) The court must consider the will and all its parts in their relation to each other to ascertain the intention of the testator in any particular provision, (*Bailey* v. *Strahan,* 314 Ill. 213,) and, if possible, will construe the will so that no language used by the testator is treated as surplusage or rendered void or insignificant. (*Hayden* v. *McNamee,* 392 Ill. 99.) Where one construction of a will renders a portion of it meaningless, and another gives effect to all the words used, the latter should be adopted. (*Scott* v. *Crumbaugh,* 383 Ill. 144; *Papa* v. *Papa,* 377 Ill. 316; *Heitzig* v. *Goetten,* 347 Ill. 619.) Where there is an irreconcilable repugnancy between two clauses in a will, the latter must prevail as being the last expression of the testator's intent, but the court will, if possible, harmonize apparently inconsistent or repugnant clauses or provisions of the will so as to give effect to each in accordance with the testator's general intention. (*Papa* v. *Papa,* 377 Ill. 316.) The rule that where there are two inconsistent clauses in a will the last one shall prevail is only applicable where the real intention of the testator cannot be discovered and where the two clauses are so inconsistent that they cannot both coincide with the general intention of the testator. (*Sheridan* v. *Blume,* 290 Ill. 508.) We find, however, the duty of the court in any will construction case is to ascertain from the words of the will the intention of the testator and give effect thereto unless the same is in violation of public policy or some rule of law. *Condee* v. *Trout,* 379 Ill. 89.

Considering the will here as a whole, it does not appear there is any repugnancy or conflict whatsoever between the clause giving all of the testator's property to his wife, and the subsequent clause directing his executrix to sell any and all of his property so his estate may be divided. Instead it appears that the two provisions are entirely har-

monious, and, in connection with other provisions of the will, express the complete testamentary plan or intent of the testator. There can be no question but what the testator intended that his wife, if she survived him, should be his executrix and have his entire estate, and intended, in case she did not survive him, that appellant and the two churches should each have one third of his estate and appellant should act as executrix. The will, when taken as a whole and all its parts and provisions considered in their relation to each other, shows upon its face that the testator by the use of the words, "so my estate can be divided as is my request written here above," appearing in the clause directing his executrix to sell any and all of his property, clearly directed and intended that such sale should take place only in the event that his wife predeceased him, since it was only in such event that there could be any occasion for a division of his estate under any previous provision in his will. When the will is read in its entirety and this clause ordering the executrix to sell so that the estate can be divided is considered, as it must be, in the light of what preceded it, this is the only reasonable construction which can be given to the clause directing the executrix to sell. This construction avoids any conflict and harmonizes the provisions of the entire instrument. It gives meaning and purpose to all the clauses and words of the will, rejects no clause or word as meaningless or surplusage and carries into execution the manifest wish of the maker.

We are of the opinion it would produce harsh and unreasonable results and do violence to the unmistakable intention of the testator expressed in other portions of the will to hold that by the clause in question he intended, as appellant insists he did, to exclude his wife and leave her unprovided for in the event that she should survive him. Such an interpretation would bring the provisions of the will into irreconcilable conflict and require this court to

disregard and reject as without meaning the language of the will preceding the gift to appellant and the churches, *that if the testator's wife should precede him in death,* then he gives his estate to appellant and the churches. Under the rules and decisions of this court, we cannot ignore this language of the testator from which it clearly and unequivocally appears that the distribution of the estate between appellant and the churches is made dependent upon the death of the testator occurring after the death of his wife.

Appellant contends that had the testator intended to give his entire estate to his wife, he would, after so providing in the second clause, have added nothing further and would have omitted the subsequent provisions contained therein. The answer to this contention is that it unmistakably appears upon the face of the will itself, as hereinabove pointed out, that the subsequent provisions were dependent upon and were to take effect only in the event of the testator's death subsequent to that of his wife.

Appellant, in support of her claim that the will should be construed as giving the estate to her and the churches, cites decisions of this court holding that where two clauses of a will are so repugant that one of them must fall, the latter clause, being the last expression of the testator's intention, must prevail and must be considered as intended to abrogate the former clause. This rule is readily conceded, but the difficulty of appellant's position in this regard is that to apply the rule to the will in this case is to assume a repugnancy which does not exist.

In accordance with our views above expressed, the construction given the will by the trial court is correct and the decree is affirmed.

*Decree affirmed.*