(No. 36994.—

RICHARD JAMES OGLESBY et al., Appellants, vs. SPRINGFIELD MARINE BANK, Trustee, et al., Appellees.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

EDWIN C. MILLS, of Lincoln, and GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, for appellants.

SORLING, CATRON AND HARDIN, of Springfield, (CHARLES H. NORTHRUP and EDWARD F. CASEY, of counsel,) for appellee Springfield Marine Bank, Trustee, and HARRIS & HARRIS and THOMAS M. HARRIS, guardian *ad litem,* both of Lincoln, for other appellees.

PER CURIAM: This is an appeal from orders of the circuit court of Logan County dismissing, with prejudice, plaintiffs' fourth amended complaint, as amended, which sought an adjudication that Felicite Oglesby Cenci Bolognetti had, by her position in previous litigation, forfeited all interest under the will of her mother, Emma Gillett Oglesby, and that such interest had passed to the plaintiffs. The complaint also sought to impress a constructive trust in favor of plaintiffs on certain rents and profits allegedly in the hands of Springfield Marine Bank, as trustee under a trust created by Felicite, and also sought to remove as clouds on plaintiffs' title certain deeds purportedly executed by Felicite in the exercise of powers of appointment conferred by the will of her mother. A freehold is involved.

This case is an aftermath of earlier litigation which was twice before this court (*Oglesby* v. *Springfield Marine Bank,* 385 Ill. 414; *Oglesby* v. *Springfield Marine Bank,* 395 Ill. 37) and an understanding of the questions presented by this appeal requires a brief summary of the facts and issues involved in the earlier litigation. We believe that the issues may be better understood if the facts, concerning which there is no dispute, are presented in a primarily chronological order.

On April 3, 1922, Emma Gillett Oglesby conveyed, by separate warranty deeds, two tracts of land of approximately 800 acres each to her son, John, and her daughter, Felicite, respectively. Although these deeds were not recorded until after the death of the grantor, they were delivered contemporaneously with their execution, and the grantees went into immediate possession of their respective tracts. At the time of the execution of these deeds, there was an oral understanding, subsequently reduced to writing on April 22, 1925, between grantor and grantees. By that agreement, John and Felicite agreed that each would, by his separate will, devise the lands described in his deed to the survivor for life with remainder in fee simple to some de-

scendant of John D. Gillett, the father of Emma Gillett Oglesby. John and Felicite also agreed that the survivor, after the death of the other, would convey or devise all interest in said lands to some descendant of John D. Gillett. Felicite's husband executed an instrument attached to this agreement, by which he ratified the agreement and disclaimed all interest as husband, surviving spouse or heir-at-law in the lands described in the deed to his wife.

Emma Gillett Oglesby died November 25, 1928, leaving no husband surviving and leaving, as her only heirs at law, Hiram G. Keays, a son by her first marriage, and John G. Oglesby, Jasper E. Oglesby, and Felicite, children by her second marriage. Her will, dated January 27, 1924, was admitted to probate on December 21, 1928, by the county court of Logan County. The will was extremely complex and provided for many contingencies, most of which did not occur. The following summary covers only those portions of the will necessary to an understanding of the issues and, insofar as possible, expresses such provisions in terms of those contingencies which did, in fact, occur.

Items V and VI of the will deal with the same two 800-acre tracts which the testatrix had previously conveyed by the 1922 deeds. By item V she devised some 800 acres to her son, John G. Oglesby for life and, after his death leaving no descendant surviving, an undivided one-half to Felicite for her life and, subject to said life estate in Felicite, the entire remainder to the trust created under item VIII of her will. She also empowered John G. Oglesby to appoint the remainder after the termination of the trust to any of the members of a designated class.

Item VI contained substantially similar provisions with respect to the 800-acre tract previously conveyed to Felicite. This tract was devised to Felicite for life and, after her death leaving no descendant surviving and in case her brother John predeceased her leaving no descendant surviving him, the remainder to the trustee and trust created

by item VIII. Item VI also gave Felicite a power of appointment from among a designated class with respect to the remainder after the termination of the trust, with a gift over in case of failure to exercise the power.

By item VIII of the will the testator created a trust. During all times pertinent to the present and former litigation, the income beneficiaries of this trust have been the plaintiffs, Richard James Oglesby and John Lewis Oglesby, who are sons of Jasper E. Oglesby and grandsons of Emma Gillett Oglesby. The trust terminates on the expiration of 15 years after the death of the survivor of said beneficiaries and thereupon the trustee is required to distribute the trust estate, except for that portion disposed of under items V and VI to the descendants of Richard James Oglesby and John Lewis Oglesby, with provision made in case there are no such descendants.

The residuary clause, contained in item XII of the will, gives one-third of the residue to John G. Oglesby, one-third to Felicite, and one-third to Richard James Oglesby and John Lewis Oglesby, the descendants of each to take the share the deceased parent would have taken, or, if there be no descendant of John G. Oglesby or of Felicite, to Richard James Oglesby and John Lewis Oglesby.

Item XIII, upon which the present suit is founded, reads as follows:

"In the event that either or any of my heirs, devisees, or if any of the beneficiaries named in this my Last Will and Testament at any time or in any manner, either directly or indirectly, in any court or by any proceeding, commence, begin, institute, carry on, aid or assist in any contest or proceeding charging the invalidity of this Will or any clause, portion or provisions thereof, then in that event such heirs, child, devisees or legatees so doing, shall each and every of them immediately and instantly lose and forfeit any and all interest to them given under and by virtue of this Will and they and each of them shall be forever barred from any interest, right or benefit in my estate, either as heir or heir at law, or other such interest as is herein given, devised, bequeathed or provided for and all the estate, title, interest or benefit of such devisee or devisees, legatee and legatees, heir at law or child, shall

become a part of the Residuary Estate devised in Item XII of this Will and be distributed to the devisees therein named who shall not have commenced, begun, instituted, carried on, aided or assisted in commencing, beginning, instituting or carrying on any such contest or proceeding to contest or invalidate this, my Last Will and Testament, or any part thereof."

John G. Oglesby, son of Emma Gillett Oglesby and brother of Felicite, died May 25, 1938, leaving no descendants surviving. By his will, he devised 230 acres of the 800-acre tract described in the deed to him of April 3, 1922, and also described in item V of his mother's will, to Felicite in fee simple, and the remaining 570 acres to his widow for life and, after her death, the remainder to Felicite, as trustee, to pay the income to four children of Jasper E. Oglesby in unequal proportions, with said trust terminating when one of said children attains the age of 50 years, whereupon the trustee is to sell the corpus and distribute the proceeds thereof to said four children.

On February 27, 1940, Richard James Oglesby and John Lewis Oglesby filed their complaint in the former action, alleging that, having accepted the benefits of the will of their mother, Emma Gillett Oglesby, John G. Oglesby and Felicite had elected to take under that will and thereby renounced their title under the deeds of April 3, 1922. On May 28, 1943, the circuit court of Logan County entered a decree in favor of plaintiffs. On appeal, that decree was reversed by this court and the cause remanded for want of necessary parties. (*Oglesby* v. *Springfield Marine Bank,* 385 Ill. 414.) Thereafter, additional parties were added in the circuit court and, on January 17, 1946, the circuit court entered a final decree in favor of the plaintiffs. On appeal, this court affirmed that decree, holding, in substance, that John G. Oglesby and Felicite had elected to take under the will of their mother, Emma Gillett Oglesby, and, therefore, could not take under the deeds of April 3, 1922. *Oglesby* v. *Springfield Marine Bank,* 395 Ill. 37.

In this former suit, Felicite was sued and appeared and

defended in two capacities, individually and as trustee under the will of John G. Oglesby. In these capacities, she joined with the widow of John G. Oglesby in filing an answer and amendments thereto, and also joined in filing notices of appeal from the decrees of the circuit court and in briefs filed in the Supreme Court. She also joined in filing a petition for rehearing of the decision of this court affirming the final decree of the trial court. Plaintiffs' claim in the present suit is that, by one or more of these actions in the former litigation, Felicite violated the provisions of item XIII of her mother's will and thereby forfeited all interests which she otherwise would have taken under such will.

On March 8, 1950, Felicite and Springfield Marine Bank entered into a trust agreement by which she transferred certain property, including her life estates under the will of her mother to the bank, as trustee. Plaintiffs, as part of the relief requested, seek to impose a constructive trust upon rentals from said life estate allegedly in the possession of the bank as trustee, and which plaintiffs allege to be their property.

The present suit was filed on February 11, 1953. Thereafter, on April 16, 1953, two instruments, dated respectively September 26, 1949, and March 15, 1950, were recorded in the office of the recorder of deeds of Logan County. By these instruments, Felicite purported to exercise certain powers of appointment under the will of her mother in favor of Jacquelyn Lee Oglesby, Carolyn Oglesby Ogen, and Emma Jean Oglesby Counts. Thereafter, these grantees were joined as defendants, and the complaint, as amended, requests that these two deeds be removed as clouds upon plaintiffs' title.

Felicite died on July 30, 1954, after the commencement of this suit. Her will was admitted to probate by the probate court of Sangamon County and letters testamentary issued to Springfield Marine Bank, as executor. Thus, Springfield Marine Bank is a defendant in two capacities,

as trustee under the trust created by Felicite and as executor of her will.

Successive complaints were stricken upon motion of one or more of the defendants. The case now reaches us on appeal from orders of the court dismissing, with prejudice, the fourth amended complaint, as amended.

The fourth amended complaint sets forth the underlying facts and requests the court to enter a judgment or decree finding that by one or more of her actions in the previous litigation Felicite violated the provisions of item XIII of the will of Emma Gillett Oglesby and thereby immediately forfeited all interest given her under the will and became immediately barred from any interest in the estate of her mother; that all interest which had first passed to Felicite under the will immediately became part of the residuary estate and passed and was distributed to plaintiffs; that thereupon an estate in an undivided one-half of the lands described in item V of the will and in all the lands described in item VI, for and during Felicite's lifetime, was vested in plaintiffs and they were entitled to possess the same and receive the rents and profits therefrom; that defendant Springfield Marine Bank, as trustee for Felicite and as executor of her will, be required to account to plaintiffs for all rents, issues and profits received by Felicite and by the bank as trustee from the date of the forfeiture until the death of Felicite; and that the deeds executed and recorded by Felicite in purported exercise of powers of appointment under the will of her mother be cancelled and removed as clouds on title. Motion to dismiss were made by defendant Springfield Marine Bank, both in its capacity as trustee and as executor, and also by the individual defendants who are grantees under the deeds executed by Felicite in exercise of the powers of appointment. These motions urge numerous grounds for dismissal, chief of which are that the complaint does not state a cause of action, that the acts of Felicite did not violate item XIII of the

will and did not effect a forfeiture; that there is no basis for equitable relief; and that plaintiffs' claim is barred by *res judicata, laches,* waiver, and the Statute of Limitations. The individual defendants, while adopting the points and arguments of defendant Springfield Marine Bank, urge the additional point that, even if there were a forfeiture of Felicite's interest under the will, this would not affect her exercise of the powers of appointment.

The primary issue is whether the actions of Felicite in the former litigation were such as to effect a forfeiture under the provisions of item XIII of the will of Emma Gillett Oglesby. The forfeiture provision of item XIII is directed against any heir, devisee, or beneficiary who "at any time or in any manner, either directly or indirectly in any Court or by any proceeding, commence, begin, institute, carry on, aid or assist in any contest or proceeding charging the invalidity of this Will or any clause, portion or provisions thereof."

It is the plaintiffs' position that certain contentions made by Felicite in the earlier litigation amounted, in effect, to an assertion that items V and VI of her mother's will were of no force and effect, and that she thereby carried on a proceeding charging the invalidity of certain provisions of the will, and thus comes within the language of the forfeiture clause. Defendants, on the other hand, relying upon the rule that forfeitures are looked upon with disfavor (See *Clark* v. *Bentley,* 398 Ill. 535, 540; *Van Brunt* v. *Osterlund,* 351 Ill. App. 556, 562) and the principle of *ejusdem generis,* argue that the term "carry on" is limited to conduct of the same character as the preceding words, "commence, begin and institute" and thus Felicite, as a defendant in the former action, did not violate the provisions of item XIII of the will. Counsel for plaintiffs seemingly recognize some merit in this argument by conceding that Felicite may not have violated the letter of the forfeiture provision by appearing and defending in the trial

court. They contend, however, that when she appealed from the final decree of the trial court, she became a moving party and thereby violated the letter as well as the spirit of the provision. Other questions suggest themselves from the language of the will. For example, in announcing one of his rulings, the trial judge expressed the view that, in the former litigation Felicite was merely seeking a construction of the will and was neither contesting the will nor challenging the validity of any portion thereof.

In our view, however, the key to the proper disposition of this case lies neither in a purely lexicographical approach nor in the formal alignment of parties in the earlier proceeding, but requires a consideration of the provision with relation to the peculiar position of Felicite at the time of the earlier litigation. Much of the argument that has been made by the parties would be equally applicable to a situation in which Felicite had in the earlier litigation asserted a purely personal interest in derogation of the provisions of her mother's will. That, however, was not the situation Felicite was in at the time of the previous litigation, nor, as we understand the record, was that the position she took in such litigation. In the earlier suit, Felicite was made a defendant in two capacities, individually, and as trustee under the will of her brother, John G. Oglesby. Certainly, in her capacity as trustee, she was under an obligation to take the position and make the contentions she did in the earlier suit. Even in her individual capacity, with respect to the 800-acre tract which had been deeded to her in 1922 and which was the subject of item VI of her mother's will, she was doing more than asserting her own private individual interest in opposition to the provisions of the will. Whatever her motive, she was, in effect, honoring an agreement to which she was a party. It is true that this court held, in *Oglesby* v. *Springfield Marine Bank*, 395 Ill. 37, that the written agreement of April 2, 1925, between Felicite and her mother and brother did not create a trust. However, the fact that one

member of this court dissented on this point indicates that there was a very real possibility that Felicite might have been charged with breach of a fiduciary relationship had she failed to assert the claims she did in the previous litigation. In any event, she was certainly under something in the nature of a contractual obligation to assert the effectiveness of her 1922 deed and the accompanying agreement. Under these circumstances, it would be manifestly unconscionable to apply the forfeiture provision to the action of Felicite, and, if the language of item XIII of the will were sufficiently specific to leave no doubt that it was intended to apply to her action, there would be considerable question as to whether a court of equity should enforce the forfeiture. Under the circumstances, such action should not be held to come within the forfeiture clause unless the language of the will is so clear as to leave no doubt as to its application. We cannot say that such is the case. We hold, therefore, that the action of Felicite in connection with the former proceeding did not result in a forfeiture under item XIII of the will of Emma Gillett Oglesby. Our ruling on this point makes a consideration of the other questions presented by this appeal unnecessary.

The orders of the circuit court of Logan County are affirmed.

*Orders affirmed.*