*In re* ESTATE OF VICTORIA A. WOJTALEWICZ, Deceased.—(RAY BROOKS, Ex'r of the Estate of Victoria A. Wojtalewicz, Petitioner-Appellant, *v.* JOHN WOITEL, Respondent-Appellee.)

First District (5th Division)    No. 79-1588

Opinion filed February 13, 1981.—Rehearing denied March 27, 1981.

Gabriel A. Kostecki, of Chicago, for appellant.

Mason D. Sullivan, of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal raises the questions of whether the conduct of a legatee in challenging the appointment of an executor of an estate violates an *in terrorem* clause in the testator's will, and if so, whether the clause should be enforced causing the gift of that legatee to lapse.

Victoria A. Wojtalewicz died testate and her will was admitted to probate two years subsequent to her death. Respondent John Woitel, the

son of the testator's deceased brother-in-law and a legatee under the will, filed a petition to deny appointment of Ray Brooks, petitioner, as executor of the estate. The petition alleged that Brooks, the named executor under the will, failed to file estate and inheritance tax returns causing the estate to incur substantial penalties. After a hearing, the trial court entered an order denying Woitel's petition.

Brooks filed a petition in the trial court for instructions as to the distribution of the legacy of Woitel, alleging that said legacy lapsed due to Woitel's actions in filing the aforementioned petition which "contested a provision" of the testator's will in violation of clause seventh, which states:

> "SEVENTH: In the event that any devisee, beneficiary or legatee named herein, or any one of my next of kin, other than my beloved husband, JOHN P. WOJTALEWICZ, also known as JOHN P. WOITALEWICZ, and also known as JOHN P. WOITAL, who I specifically exclude from the effects of this provision of this my Will, shall commence or maintain, directly or indirectly, any proceeding to challenge or deny any of the provisions of this my Will, the devise, bequest or legacy herein made to him, her, or it, shall lapse and fall, and my Executor, or Co-Executors, as the case may be, is hereby further directed and required to refrain from making any distribution of any sum whatever to any such person, persons or organization who shall seek to contest this my Last Will and Testament or any of its provisions."

The will also provided in clause eighth that any gift, if lapsed, should be distributed to St. Elizabeth's Hospital, St. Joseph's Home for the Aged, and Alliance College in equal shares.

Subsequently, a hearing was held on Brooks' petition. The trial court found that clause seventh of the will was valid and enforceable but that Woitel's conduct did not violate that clause. The court further ordered that Woitel "shall receive his distributive share under the will."

Brooks filed a motion to vacate that order, but it was denied by the trial court. The executor appeals, contending that the trial court erred in finding that Woitel's conduct in challenging his appointment as the executor fell outside of the proscriptions of clause seventh of the testator's will. In essence, petitioner argues that this ruling ignores the testator's intent and improperly treats the provision in the will naming the executor differently than any other provision.

OPINION

■■ Initially, we note that the testator's intent as expressed by the clause in question is clear and unambiguous; it forbade *any* proceeding to challenge *any* of the provisions of the will. The provision of the will naming the executor obviously was within the ambit of this clause.

Therefore, the trial court's finding that respondent's actions in filing a petition to deny the appointment of the executor were not within the strictures of clause seventh was erroneous.

We find, however, that enforcement of this clause under these circumstances would contravene public policy and is therefore void.

■■ Generally, conditions in a clause against contesting the will or attempting to set it aside are valid. (See Page on Wills §44.29, at 469 (1962).) Even where they are held valid, though, conditions against contests are so · disfavored by the courts that they are construed very strictly. (*Page.*) This view is guided by the well-established rule that equity does not favor forfeitures, and in construing conditions, both precedent and subsequent, a reasonable construction must be given in favor of the beneficiary. (See *Oglesby v. Springfield Marine Bank* (1962), 25 Ill. 2d 280, 184 N.E.2d 874; *Clark v. Bentley* (1947), 398 Ill. 535, 76 N.E.2d 438.) Nevertheless, the duty of the court in any will construction case is to ascertain from the words of the will the intention of the testator and give effect thereto unless the same is in violation of public policy or some rule of law. *Weilmuenster v. Swanner* (1949), 404 Ill. 21, 87 N.E.2d 756.

■■ Enforcement of the intent of the testator as expressed by the plain language of clause seventh of the will would violate the law and public policy of this State. First, it would deprive respondent of his statutory right under section 6—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 6—3) to request the court to deny the appointment of the executor for the latter's failure to initiate a proceeding to have the will admitted to probate within 30 days of acquiring knowledge of being named as executor in the will. It is undisputed that the executor took no action to admit the will to probate for nearly one year following the testator's death. Respondent's statutory right to contest the appointment of the executor for this breach of duty cannot be defeated by the wishes of the testator.

■■ Second, it would violate public policy to give effect to the *in terrorem* clause since its enforcement would endanger the assets of the estate. Courts closely scrutinize an executor's behavior to insure that the standards of fair dealings and diligence of an executor toward the estate are adhered to. (See, *e.g., In re Estate of Glenos* (1964), 50 Ill. App. 2d 89, 200 N.E.2d 65.) It is the duty of the executor to properly manage the estate and protect it from wilfull waste. (*Glenos.*) The respondent sought to deny the appointment of the executor on grounds that the executor's lengthy period of inaction and his failure to file proper tax returns caused the estate to incur substantial penalties. The trial court found petitioner's challenge to be made in good faith, yet denied his motion to deny appointment of the executor. In so ruling, the court stated that it would be advantageous to have the executor within the court's jurisdiction in order

to assess him personally with penalties and costs, should petitioner's allegations prove to be true. The legatee has a right to express a feeling of hostility toward and an opinion of the executor "in any way, at any place, at any time" he sees fit, without being vulnerable to a charge that he directly or indirectly aided in the contest of the will. (*Lavine v. Shapiro* (7th Cir. 1958), 257 F.2d 14, 19.) The petitioner, as a legatee under this will, cannot be terrorized into relinquishing his legacy by any threat of forfeiture. Otherwise, he would be forced to stand by silently while the executor jeopardizes the assets of the estate. We will not allow this result, because it permits the estate to be subject to waste and thereby diminishes the desired share of each beneficiary chosen by the testator under her will.

Finally, respondent argues that the order appealed from is not a final order within the meaning of Supreme Court Rule 304(b)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(1)). We note that this argument was contained in a motion which was denied by this court on December 28, 1979. We have no cause to reconsider this assertion.

For the foregoing reasons, the order of the circuit court directing that petitioner shall receive his distributive share under the will is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.