[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to General Statutes 45a-186
from a decision of the Norwalk Probate Court denying the invocation of a forfeiture clause to the activities of one of the beneficiaries of the last will and testament of Frances Brooks Andrews, deceased.[1] The plaintiffs are the executors of the decedent's estate, and they seek to apply against the defendant, R. Snowden Andrews, Jr., the provisions of paragraph eleven of the decedent's will. This paragraph provides in pertinent part that if any beneficiary "shall contest the probate or validity of this will or any provision thereof, or shall institute or join in, except as a party defendant, any proceeding to contest the validity of this will or to prevent any provision thereof from being carried out in accordance with its terms, then all benefits to any such person shall be revoked." CT Page 6960
This case was tried to the court on an agreed stipulation of facts. The defendant Andrews, the stepson of the deceased, received a bequest of $25,000 and a share of the decedent's personal and household effects to be divided with the decedent's daughter, Phyllis Fletcher Saunders, who serves as one of the two executors of her late mother's estate.
In another case pending in this court, and involving the same parties, Saunders v. Andrews, CV87-0090799, I wrote a memorandum of decision concerning a purported option agreement that Mr. Andrews claims he received from his stepmother, the decedent, and which gives him the right to purchase the decedent's real estate at 188 Scribner Avenue in Norwalk. In that case Mrs. Saunders brought an action to quiet title with respect to this property, and Mr. Andrews then filed a counterclaim asserting that his option agreement was valid and seeking a decree of specific performance that the property be conveyed to him for $70,000.
The issue is whether by filing a counterclaim in the executors' action to quiet title, Mr. Andrews forfeits his right to the $25,000 bequest and his share of his late stepmother's personal property. The Probate Court ruled that he did not, and I concur.
Connecticut recognizes the validity of forfeiture clauses in a will but acknowledges an exception where a contest "was begun in good faith, and . . . there was probable cause and reasonable justification." South Nowalk Trust Co. v. St. John, 92 Conn. 168, 178, 101 A. 961 (1917).[2] Another exception to a forfeiture clause is mentioned in Griffin v. Sturges, 131 Conn. 471, 477, 40 A.2d 758 (1944), where the "action is brought to secure an interpretation of a will, an assertion by any beneficiary of the construction which he believes to be the correct one is not a contest . . . because he is merely seeking to give effect to the real intent of the testator." In the Griffin case the decedent's son had responded to an action brought by the plaintiff administrator by questioning the validity of certain provisions of the will, and the court held that the forfeiture clause would not apply to his request for a construction of the language of the will.[3]
In my judgment Mr. Andrews did not contest the validity of the decedent's will. A will "contest" generally occurs where one contests the validity of a will on grounds including "lack of testator capacity, fraud, undue influence, improper execution, forgery, or subsequent CT Page 6961 revocation of the will by a later will." Doelle v. Bradley784 P.2d 1176, 1179 (Utah 1989). In that case Ruth Bradley, a daughter of the decedent, filed a claim asserting a life estate in certain real estate devised in her mother's will to her brother Robert Doelle. In words that also sum up my view of the applicability of the forfeiture clause in this case, the Utah Supreme Court said: "Ruth filed her creditor's claim not to contest the dispositive provisions of the will, but to inform the administrator of Myrtle's estate that she had an interest in the Torrey home which Myrtle had attempted to devise to Robert. Although this could be construed as an `attack' on one of the will's provisions and thereby run afoul of the no-contest provision, we think the better approach is the one presumably followed by the trial court — to regard the creditor's claim as a reasonable means to question the basic premise of Myrtle's will, that she owned all she purported to give away."
Moreover, the defendant Andrews did not contest the validity of the provision in the decedent's will which devised 188 Scribner Avenue to Phyllis Fletcher Saunders, but rather he is claiming that Mrs. Saunders holds title to the Norwalk property subject to his properly recorded option agreement. It seems to me, therefore, that he is not contesting, within the meaning of paragraph eleven of the will, the "validity of . . . any provision . . . of the will." Moreover, he did not "institute or join in . . . any proceeding . . . to prevent any provision [of the will] from being carried out in accordance with its terms. . .", except by filing a counterclaim in the quiet title action in which he was a defendant, and, as was noted previously, paragraph eleven exempts from its provisions "a party defendant."
Furthermore, this type of provision, sometimes referred to as an "in terrorem" clause, although recognized as valid in principle, is not favored by the courts and is to be construed strictly to prevent forfeitures. Estate of Newbill, 781 S.W.2d 727, 728 (Tex.App. 1989): "It is also axiomatic that forfeiture provisions in a will such as this are to be strictly construed, and forfeiture is to be avoided if possible; only where the act of a party comes strictly within the clause may a breach thereof be declared." See also Estate of Wojtalewicz v. Woitel,93 Ill. App.3d 1061, 418 N.E.2d 418, 420 (1981); "Generally, conditions in a clause against contesting the will or attempting to set it aside are valid. (See Page on Wills (1962), 44.29 p. 469.) Even where they are held valid, though, conditions against contests are so disfavored by the courts that they are construed very strictly. (Page.) This CT Page 6962 view is guided by the well-established rule that equity does not favor forfeitures, and in construing conditions, both precedent and subsequent, reasonable construction must be given in favor of the beneficiary."
The plaintiffs cite In re Howard's Estate,68 Cal.App.2d 9, 155 P.2d 841 (1945), but that case is distinguishable from the case at bar because it deals with a defendant who was claiming "a right, title and interest in or to any property of decedent's estate." Id. 842. His crossclaim in the quiet title action brought by the executor alleged an undivided one-half interest in these properties. This challenge of ownership called into question the "validity of the provisions of decedent's will." Id. No such contest is present in the instant case. Mr. Andrews' claim does not contest the validity of any provision of the will, but rather, as stated previously, pertains to the enforcement of an option agreement to purchase the property in Norwalk from the owner.
Cases from other jurisdictions which have refused to impose a forfeiture under similar conditions are, for example, Boettcher v. Busse, 45 Wash.2d 579, 277 P.2d 368,371-72 (1964): ". . . the instant case is not a will contest. It is an action to enforce the terms of an alleged oral contract to devise property. It is based upon a creditor's claim filed against decedent's estate. Although the allowance or enforcement of such a claim would — as would the allowance or enforcement of any other creditor's claim — change the amount received by the residuary legatees, it would not `break the terms and conditions of this will,' nor would it establish appellant as a residuary legatee. The filing or enforcement of a creditor's claim, by a legatee or devisee, does not invoke the provision of a will forfeiting the share of a contesting beneficiary."
In Matter of Estate of Wilson, 64 Cal.App.3d 786,134 Cal.Rptr. 749, 760 (1976), a niece and residuary beneficiary sought resolution of title to property held of record in joint tenancy by decedent and the surviving spouse. The issue was whether the property should be included in the decedent's estate as contended by the niece who was a residuary beneficiary. It was held that this action was not a will contest, nor was the niece challenging any share or right given to her under the will. She was attempting to determine the effect of an agreement by the decedent pertaining to the character of jointly owned property and thus she was held not to have forfeited her bequest under a no contest clause.[4]
CT Page 6963
A recent New York case, Estate of Robbins, 144 Misc.2d 510,544 N.Y.S.2d 427 (1989), makes the same point. A daughter of the decedent initiated several proceedings both in New York and in France that were interpreted as attempts to enforce an accounting by the executors of the decedent's estate. After noting that forfeiture clause ". . . are not favored by courts and are strictly construed;" Id., 429; the court went on to say that ". . . a beneficiary may initiate a
construction proceeding without fear of a forfeiture although in reality that proceeding may represent an indirect attack on a will." Id., 429. This was considered to be different from a "probate contest" which would indeed trigger the forfeiture of a bequest.
In conclusion, Mr. Andrews' counterclaim does not invoke the forfeiture clause because; (i) his counterclaim does not "contest" the validity of the will; (ii) at most he is seeking to construe the validity of a provision of the will; (iii) even if considered an attack on the will, the counterclaim was made in "good faith," for "probable cause," and with "reasonable justification." South Norwalk Trust Co. v. St. John, supra, 177.
Therefore, the appeal from the Norwalk Probate Court is dismissed and judgment may enter in favor of R. Snowden Andrews, Jr., denying plaintiff's claim that he forfeited his bequests of cash and personal property under the will of Frances Brooks Andrews, deceased.
So Ordered.
Dated at Stamford, Connecticut this 8th day of August, 1991.
WILLIAM B. LEWIS, JUDGE